UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT WARD,

          Plaintiff,

    v.                                                                Case No. 25-cv-30-bhl

SGT. WILLIAMS

          Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO WAIVE
## THE INITIAL PARTIAL FILING FEE

      Plaintiff Robert Ward, who is currently confined at the Waupun Correctional Institution and representing himself, filed a civil rights complaint under 42 U.S.C. § 1983, along with a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915. Dkt. Nos. 1-2. On February 14, 2025, the Court ordered Ward to forward to the Clerk of Court the sum of **$1.72** as an initial partial filing fee in this case by March 17, 2025. Dkt. No. 6. The Court advised Ward that, upon payment of this initial partial filing fee, the Court would determine whether the action could proceed. *Id*. On February 27, 2025, Ward filed a letter motion to waive the initial partial filing fee. *See* Dkt. No. 7. He explains that he currently has "zero" funds in his account. *Id*.

      The Prison Litigation Reform Act (PLRA) provides that the Court may not dismiss the suit of a prisoner who lacks funds to pay. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). However, it is not enough that the prisoner lacks assets on the date he files. *See Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (overruled on other grounds). "If that were so, then a prisoner could squander his trust account and avoid the fee." *Id*. Section 1915(b)(4) applies "only when the prisoner has no assets and *no*

*means* by which to pay the initial partial filing fee." *Id*. A prisoner with periodic income has "means" even when he lacks "assets." *Id*.

A review of Ward's trust account statement shows "average monthly deposits" of $7.37, including a $22.00 deposit in August 2024 and bi-weekly deposits in smaller amounts ranging from $1.60 to $4.00. *See* Dkt. No. 4. The trust account statement also shows numerous withdrawals for three prior PLRA lawsuits he has filed well as two other lawsuits he is involved in. *See id*. It appears that each time money is deposited into his account, all of it is taken to pay for his prior lawsuits. *See Bruce v. Samuels*, 577 U.S. 82, 88–89 (2016) (noting that the intent of the Prison Litigation Reform Act to deter frivolous suits requires an inmate to "simultaneously" pay for each lawsuit he files until each is paid in full). There is "no difference between plaintiff, who has chosen to spend 100% of his income on lawsuits, and an inmate who chooses to dispose of 100% of his income on canteen items shortly before filing a new lawsuit or appeal." *Lindell v. McCaughtry*, No. 01-C-209-C, 2004 WL 225074, at *1 (W.D. Wis. Jan. 23, 2004). "He may be without assets from which to draw a new partial payment, but he does not lack 'means' with which to pay it." *Id*. Therefore, the Court will deny his motion to waive the initial partial filing fee but will give him 14 additional days to pay. Ward must submit the **$1.72** initial partial filing fee by **March 31, 2025,** if he intends to proceed with this case. Failure to pay the fee will result in dismissal of the case.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to waive the initial partial filing fee (Dkt. No. 7) is **DENIED**. Plaintiff must submit the **$1.72** initial partial filing fee by **March 31, 2025**, if he intends to proceed with this case. Failure to pay the fee will result in dismissal of the case.

Dated at Milwaukee, Wisconsin on March 13, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge