UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT WARD,

           Plaintiff,

      v.                                    Case No. 25-cv-30-bhl

SGT. WILLIAMS, et al.,

           Defendant.

---

## DISMISSAL ORDER

---

      Plaintiff Robert Ward, who is currently confined at the Waupun Correctional Institution and representing himself, filed a civil rights complaint under 42 U.S.C. § 1983, along with a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915. Dkt. Nos. 1-2. The Court ordered Ward to forward to the Clerk of Court by March 17, 2025 the sum of $1.72 as an initial partial filing fee in this case. Dkt. No. 6. The Court advised Ward that, upon payment of this initial partial filing fee, the Court would determine whether the action could proceed. *Id*.

      On February 27, 2025, Ward filed a motion to waive the initial partial filing fee. Dkt. No. 8. The Court denied that motion because the record confirmed that Ward had means to pay the fee based on his having received average monthly deposits in his account of $7.37, including a $22.00 deposit in August 2024 and bi-weekly deposits in smaller amounts ranging from $1.60 to $4.00. Dkt. No. 8. The Court also noted that each time money was deposited into his account, all of it was taken to pay for his prior lawsuits, consistent with the Supreme Court's ruling in *Bruce v. Samuels*, 577 U.S. 82, 88–89 (2016), which requires the collecting of "simultaneous" payments for lawsuits to regulate prisoner lawsuits. *Id*. As the Court explained, there is "no difference between plaintiff, who has chosen to spend 100% of his income on lawsuits, and an inmate who

chooses to dispose of 100% of his income on canteen items shortly before filing a new lawsuit or appeal." *Lindell v. McCaughtry*, No. 01-C-209-C, 2004 WL 225074, at *1 (W.D. Wis. Jan. 23, 2004). While Ward's obligation to pay for his prior lawsuits may have left him without assets from which to draw a new partial payment, he did not lack "means" with which to pay it, within the meaning of the statute. The Court therefore advised Ward that he was required to submit the $1.72 initial partial filing fee by **March 31, 2025** if he wanted to proceed with this case, and if he failed to pay the fee, his case would be dismissed. Dkt. No. 8 at 2. The March 31 deadline to pay the initial partial filing fee has passed and the Court has not received the initial partial filing fee. Accordingly, the Court will deny the motion for leave to proceed without prepayment of the filing fee and will dismiss this case. The dismissal is without prejudice.

**IT IS THEREFORE ORDERED** that Ward's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED** for failure to pay the initial partial filing fee; and this case is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Ward must pay the $350 statutory filing fee. Accordingly, the agency having custody of Ward shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Ward's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Ward is transferred to another institution, the transferring institution shall forward a copy of this Order along with Ward's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Ward is located.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 7, 2025.

        s/ *Brett H. Ludwig*
        BRETT H. LUDWIG
        United States District Judge